NO JS-6

1
2
3
4
5
6
7
8
9
10              UNITED STATES DISTRICT COURT

11             CENTRAL DISTRICT OF CALIFORNIA

12

13   CECILIA F. ANYANWU,                  )   CASE NO.  CV 15-2272-R
                                          )
14                  Plaintiff,            )   ORDER DENYING PLAINTIFF'S
                                          )   MOTION TO REMAND
15        v.                              )
                                          )
16                                        )
     JAGUAR LAND ROVER NORTH              )
17   AMERICA, LLC, a Delaware Limited     )
     Liability Company, and DOES 1 - 10,  )
18   inclusive,                           )
                                          )
19                  Defendants.           )
                                          )
20                                        )
                                          )
21                                        )
                                          )
22                                        )
                                          )
23                                        )
                                          )
24

25        Before the Court is Plaintiff's Motion to Remand, which was filed on April 24, 2015.

26   Having been thoroughly briefed by both parties, this Court took the matter under submission on

27   May 27, 2015.

28        This action arises from Plaintiff Cecilia Anyanwu's purchase of an allegedly defective

used 2011 Land Rover LR2 (the "vehicle").  Plaintiff alleges that express warranties accompanied the sale of the vehicle to Plaintiff, by which Defendant Jaguar Land Rover North America, LLC, undertook to maintain the utility or performance of the vehicle or provide compensation if there was a failure to repair nonconformities.  On February 24, 2015, Plaintiff filed suit in California state court, alleging breach of express and implied warranty under the Song-Beverly Consumer Warranty Act ("Song-Beverly Act"), Cal. Civ. Code § 1790 *et seq.,* and under the Magnuson-Moss Act, 15 U.S.C. § 2310(d).  On March 26, 2015, Defendant removed this action under both diversity jurisdiction and federal question jurisdiction.  On April 24, 2015, Plaintiff moved to remand the action to state court for lack of subject matter jurisdiction.

There are two grounds for federal subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331; and (2) diversity jurisdiction under 28 U.S.C. § 1332. A district court has federal question jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A district court has diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, . . . and is between citizens of different states, or citizens of a State and citizens or subjects of a foreign state . . . ." 28 U.S.C. § 1332 (a)(1)-(2)

A defendant may remove a civil action from state court to federal court if original jurisdiction would have existed in the federal court at the time the complaint was filed.  28 U.S.C. § 1441(a).  The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction. *Gaus v. Miles, Inc*., 980 F.2d 564, 566 (9th Cir. 1992).  The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper. *Id*.  Accordingly, federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.  *Id*.

Plaintiff contends that the instant action should be remanded because Defendant has failed to meet the requirements for both federal question jurisdiction under § 1331, and diversity jurisdiction under § 1332.  This Court will begin by addressing federal question jurisdiction under § 1331.  Determination of federal question jurisdiction "is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on

1   the face of plaintiff's properly pleaded complaint." *California v. United States,* 215 F.3d 1005,

2   1014 (9th Cir. 2000).

3       Here, Plaintiff's second cause of action asserts a claim under federal law—breach of

4   express and implied warranty, under the Magnuson-Moss Act, 15 U.S.C. § 2310(d).  Under §

5   2310(d)(1)(B), "a consumer who is damaged by the failure of a supplier, warrantor, or service

6   contractor to comply with any obligation under this chapter, or under a written warranty, implied

7   warranty, or service contract, may bring suit for damages and other legal and equitable relief" in

8   an appropriate district court. Before subject matter jurisdiction can be invoked by the federal

9   courts under the Act, however, the amount in controversy must be at least $50,000 for all claims

10  brought. 15 U.S.C. § 2310(d)(3)(B).  The Act's amount in controversy excludes interests and costs.

11  *Id.*  Here, Plaintiff argues in its Motion to Remand that Defendant has failed to show that the

12  amount in controversy is at least $50,000.

13      In drafting the Magnuson-Moss Act, Congress, while providing a substantive right of

14  action to consumers, did not specify the appropriate measure and type of damages that are

15  available. As such, a number of courts, including the Ninth Circuit, have turned to the applicable

16  state law to determine what remedies are available under the Act, which of necessity informs the

17  potential amount in controversy. *See Kelly v. Fleetwood Enters., Inc.*, 377 F.3d 1034, 1039 (9th

18  Cir.2004) ("State law generally guides courts in determining whether punitive damages are

19  available as a remedy for breach of warranty under the [Magnuson-Moss Warranty] Act."); *see*

20  *also Schimmer v. Jaguar Cars, Inc.,* 384 F.3d 402 (7th Cir.2004); *Boelens v. Redman Homes, Inc.,*

21  748 F.2d 1058, 1069 (5th Cir.1984). Here, based on Plaintiff's allegations, the relevant state law

22  appears to be the Song-Beverly Consumer Warranty Act ("Song-Beverly Act"), Cal. Civ. Code §

23  1790 *et seq.,* also known as California's "lemon law."

24      The Song-Beverly Act authorizes civil penalties of up to two times the amount of actual

25  damages for violations. Cal. Civ. Code § 1794(c). While these civil penalties are not punitive

26  damages per se, the California courts have, on numerous occasions, analogized the two because

27  both are intended to punish and deter defendants rather than compensate plaintiffs. *See, e.g.,*

28  *Suman v. Superior Court,* 46 Cal.Rptr.2d 507 (1995); *Kwan v. Mercedes-Benz of N. Am., Inc.,* 28

1    Cal.Rptr.2d 371 (1994); *Troensegaard v. Silvercrest Indus., Inc.,* 220 Cal.Rptr. 712 (1985); This

2    Court similarly believes that the Song-Beverly civil penalties are akin to punitive damages and

3    ought to be treated the same for the purposes of this analysis.

4         In an amount in controversy inquiry for diversity purposes, punitive damages, where

5    authorized, are counted toward the requirement. *See Bell v. Preferred Life Assurance Soc'y,* 320

6    U.S. 238, 240, (1943) ("Where both actual and punitive damages are recoverable under a

7    complaint each must be considered to the extent claimed in determining jurisdictional amount.");

8    *Gibson v. Chrysler Corp.,* 261 F.3d 927, 945 (9th Cir.2001) ("It is well established that punitive

9    damages are part of the amount in controversy in a civil action."); *see also Brady v. Mercedes-*

10   *Benz USA, Inc.,* 243 F.Supp.2d 1004, 1009 (N.D.Cal.2002) (holding that Song-Beverly Act's civil

11   penalties should be included in amount in controversy requirement for diversity jurisdiction).

12   There is nothing in the text of the Magnuson-Moss Act that would indicate that the amount in

13   controversy for that statute is assessed any differently than the diversity jurisdiction requirement

14   found in Title 28 U.S.C. § 1332. As such, in this case, when the civil damages authorized by the

15   Song-Beverly Act are combined with the actual damages alleged, the composite sum satisfies the

16   Magnuson-Moss Act jurisdictional requirement.  Plaintiff has alleged a total amount paid of

17   $34,473.80 for the vehicle.  The Court finds that Plaintiff could recover significant civil penalties

18   under the Magnuson-Moss Act, and that even if Plaintiff's actual damages are less than the full

19   purchase price of the vehicle, there is a strong likelihood that with the additional civil penalties,

20   the jurisdictional requirement of $50,000 will be met.  Accordingly, the Court is satisfied that

21   federal question jurisdiction exists in this suit, with supplemental jurisdiction over the state law

22   claim under Title 28 U.S.C. § 1367.

23        We turn now to the question of diversity jurisdiction.  For diversity jurisdiction pursuant to

24   § 1332, each plaintiff's state citizenship must be diverse from each defendant, and the amount in

25   controversy must exceed $75,000.  For diversity purposes, a limited liability company is deemed

26   to be a citizen of every state of which its owners/members are citizens.  *Johnson v. Columbia*

27   *Prop. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).  Here, Plaintiff alleges that she resides

28   and is domiciled in the state of California, and is therefore a California citizen.  Defendant is a

1  limited liability company, comprised of one member, Jaguar Land Rover Limited, which is a

2  citizen of the United Kingdom.  Accordingly, Plaintiff and Defendant are completely diverse as

3  required by § 1332.

4  Moreover, as discussed above, the jurisdictional requirement that the amount in

5  controversy exceed $75,000 has been met in this case.  When, like here, it is unclear or ambiguous

6  from the face of the complaint whether the jurisdictional threshold is met, a "preponderance of the

7  evidence" standard applies.  *Guglielmino v. McKee Foods Corp.,* 506 F.3d 696, 699 (9th Cir.

8  2007).  Taking together Plaintiff's actual damages, civil penalties, and attorney's fees and costs,

9  Defendant has shown by a preponderance of the evidence that the amount in controversy exceeds

10  $75,000.  Accordingly, diversity jurisdiction exists in this suit.

11  **IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand is DENIED.  (Dkt. No. 7)

12  Dated: June 8, 2015.

15  MANUEL L. REAL
16  UNITED STATES DISTRICT JUDGE